Mr. Justice Van Orsdel
dissenting:
I am unable to agree with the views expressed in the opinion of the majority of the court. The question presented is whether or not the marks are of such similarity as to be likely to create confusion in trade. A large number of witnesses, consisting of appellee’s advertising manager, several demonstrators of the goods sold by it, a number of grocers who handled the goods, and a number of consumers, were introduced by appellee company. The witnesses were examined as to the likelihood of these two marks creating confusion in trade. The evidence considered as a whole is to the effect that the goods of the appellee company are called for in the trade as the “chocolate with the woman on it” the “chocolate with the girl on it,” “chocolate with a girl,” “chocolate with a woman,” and similar expressions. This testimony, coming from a large number of witnesses, some of whom, at least must be regarded as disinterested, stands unimpeached. While the marks differ somewhat, they both represent the full length figure of a woman; and while the style of dress is somewhat different, I am of opinion, in the light of the evidence, that appellant’s mark comes within the inhibition of the statute. (33 Stat. at L. 725, chap. 592, U. S. Comp. Stat. Supp. 1907, p. 1010.) Neither is the probability of *154 confusion reduced by the appellant’s use of the words “Milkmaid Brand,” since the goods upon which both marks are used are not only goods of the same descriptive qualities, but are identically the same quality of goods.
In Walter Baker & Co. v. Puritan Pure Food Co. 189 Fed. 680, the court, considering the similarity between appellee’s mark in the present case and a full length figure of a woman dressed in Puritan costume standing beside a rock, said: “Complainant contends that the picture displayed by the defendant upon its standard cans and packages, in connection with its commodity, though of different color and differentiating accessories, is nevertheless a counterfeit of its previously adopted trademark. Evidence has been introduced to. show that complainant has constantly used its trademark or emblem since about 1875, and at enormous expense has thus advertised its product in the leading newspapers and periodicals published throughout the United States and Canada. As a natural result thereof, complainant’s appropriation not only attracted the attention of the public generally, but was the means of identification of its chocolates and cocoa by the consumer. That such chocolate and cocoa is frequently purchased and designated by the buyer as The cocoa with the picture of the woman or girl,” or The chocolate with the picture of the lady,’ is abundantly established by the evidence. * * * For the foregoing reasons, despite the differences in colors and direction, in which the figures face, I have reached the conclusion that defendant’s trademark adapted and used by it is in similitude of that of •complainant; that confusion is likely to arise, and the goods of defendant be purchased in the belief that they are those of complainant.”
The expressions by which the appellee’s mark is shown by the testimony to be known to the trade—“the cocoa with the picture of the lady on it,” or “the chocolate with the picture of the lady on it”—would apply equally to appellant’s mark. It is estimated by the tribunals of the Patent Office that the evidence in the record discloses that 20 per cent of the persons calling for appellee’s goods call for them by one *155 or the other of the above titles, and a careful review of the evidence convinces me that this estimate is substantially correct. The rule stated by the court in the case of Wayne County Preserving Co. v. Burt Olney Canning Co. 32 App. D. C. 279, would seem to apply with equal force to the present case. In that case the court said: “lust what degree of resemblance is necessary to bring about confusion in trade is incapable of exact definition. About all that can be said is that no person engaged in trade can adopt a trademark so resembling that of another trader, when applied to the same class of goods, as will mislead a purchaser in buying with ordinary caution. The rule announced by the Supreme Court in McLean v. Fleming, 96 U. S. 245, 24 L. ed. 828, is as follows: ‘Two trademarks are substantially the same in legal contemplation, if the resemblance is such as to deceive an ordinary purchaser giving such attention to the same as such a purchaser usually gives, and to cause him to purchase the one supposing it to be the other.’ ” See also Gorham Mfg. Co. v. White, 14 Wall. 511, 20 L. ed. 731.
The opinion of the majority of the court ignores largely the evidence upon which in my judgment the case turns, and rests the decision in appellant’s favor upon a theory of equity which has no bearing upon this case. The sole question for consideration is whether the mark sought to be registered by appellant is such as to cause confusion in trade with appellee’s mark. The equities surrounding appellant’s use of the mark are not to be here considered. It is not material that appellant used this mark extensively in foreign countries. Appellee has the prior right here, and, if appellant’s mark is such as to create confusion in trade, the opposition should be sustained.